It is ordered by the court that the application for dismissal is granted. Accordingly, this cause is dismissed.

*August 5, 2010*

[Cite as *08/05/2010 Case Announcements #2*, 2010-Ohio-3605.]

## MOTION AND PROCEDURAL RULINGS

**2010–1360. In re Z.N.**
Franklin App. No. 10AP–85, 2010-Ohio-2910. This cause is pending before the court as an appeal involving termination of parental rights/adoption. Upon consideration of appellant's motion for stay,
It is ordered by the court that the motion is denied.

## DISCIPLINARY CASES

**2010–1339. In re Schwartz.**
On August 2, 2010, and pursuant to Gov.Bar R. V(5)(A)(3), the Secretary of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio certified to the Supreme Court a certified copy of a judgment entry of a felony conviction against Robert Leon Schwartz, an attorney licensed to practice law in the state of Ohio.

Upon consideration thereof and pursuant to Gov.Bar R. V(5)(A)(4), it is ordered and decreed that Robert Leon Schwartz, Attorney Registration No. 0000818, last known business address in Cincinnati, Ohio, is suspended from the practice of law for an interim period, effective as of the date of this entry.

It is further ordered that this matter is referred to the Disciplinary Counsel for investigation and commencement of disciplinary proceedings.

It is further ordered that respondent immediately cease and desist from the practice of law in any form and is forbidden to appear on behalf of another before any court, judge, commission, board, administrative agency or other public authority.

It is further ordered that, effective immediately, respondent is forbidden to counsel or advise, or prepare legal instruments for others or in any manner perform legal services for others.

It is further ordered that respondent is divested of each, any and all of the rights, privileges and prerogatives customarily accorded to a member in good standing of the legal profession of Ohio.

It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, the respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1), and from receiving, disbursing, or otherwise handling any client trust funds or property.

It is further ordered that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1), for each six months, or portion of six months, of the suspension.

It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio; (2) respondent complies with this and all other orders issued by this court; (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio; and (4) this court orders respondent reinstated.

It is further ordered, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to